IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:13-cr-30125-5-DWD |
| | ) |
| STEVEN SYMS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge**:

On August 28, 2014, Defendant entered an open plea of guilty to Count I of the Indictment, *i.e.*, to conspiracy to distribute, and possess with intent to distribute, cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. (Docs. 1 & 306). According to the Presentence Investigation Report, Defendant had a total offense level of 34 and a criminal history category of I, providing a guideline range of 151 to 188 months of imprisonment. (Sealed Doc. 523). On September 18, 2015, Defendant was sentenced by retired District Judge David R. Herndon to 151 months of imprisonment and 5 years of supervised release. (Doc. 536). That sentence was later affirmed on appeal. (Doc. 637).

Now, Defendant has filed a *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821, Part B (Zero-Point Offender). (Doc. 704). Consistent with Administrative Order 362, AFPD G. Ethan Skaggs entered a Notice of Appearance on behalf of Defendant. (Doc. 705). AFPD Skaggs was directed to assess whether

Defendant is eligible for relief and to either supplement his *pro se* Motion or move to withdraw. (Doc. 707). AFPD Skaggs subsequently filed a Motion to Withdraw, asserting:

> After a review of this matter, Counsel finds no grounds to file for relief under Amendment 821. The Defendant was assessed a 3-level increase to his offense level as an aggravating role adjustment pursuant to USSG § 3B1.1(b). (See PSR par. 42; Sentencing transcript (Doc. 570) page 7.) If a defendant was assessed an adjustment under § 3B1.1 (Aggravating Role), he is not eligible for a reduction as a Zero-Point Offender. (See § 4C1.1(a)(10). Therefore Mr. Syms does not qualify for a reduction to his offense level as a Zero-Point Offender.

(Doc. 709).

AFPD Skaggs indicated he mailed a copy of the Motion to Withdraw to Defendant, informing him that he had 30 days to respond. (Doc. 709). The Certificate of Service indicates that "[s]ervice will be accomplished on Steven Syms at his present residential reentry center assignment by U.S. Mail." (Doc. 709). Also, after receiving the Motion to Withdraw, the Court reminded Defendant that he had 30 days from the date of service to file a Response. (Doc. 711). To date, however, the Court has not heard from Defendant.

Based on its review of Defendant's *pro se* Motion for Sentence Reduction and AFPD Skaggs' Motion to Withdraw in light of the applicable law, the Court **FINDS** Defendant is not entitled to relief under Amendment 821. As noted by AFPD Skaggs, Defendant, pursuant to the aggravating role adjustment contained in § 3B1.1(b), was assessed a 3-level increase to his offense level. *See* U.S.S.G § 3B1.1(b) ("Based on the defendant's role in the offense, increase the offense level as follows…If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels."); (Sealed Doc. 23, pg. 8;

Doc. 570, pg. 7) ("And so Section 3B1.1, and subsection (b) thereof, advises that the Court increase the offense level in this case by three. We do that."). Therefore, Mr. Skaggs is correct that Defendant is not entitled to an adjustment for zero-point offenders under Amendment 821, Part B. *See* U.S.S.G. § 4C1.1(a)(10) (stating a defendant is entitled to a decreased offense level if he or she meets 10 criteria, including that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848).

For these reasons, Defendant's *pro se* Motion for Sentence Reduction is **DENIED** and AFPD Skaggs' Motion to Withdraw is **GRANTED**. (Docs. 704 & 709). Defendant's sentence, as stated in the Judgment of September 18, 2015, remains in effect. (Doc. 536).

**SO ORDERED**.

Dated: June 21, 2024

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge

3